IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Bradley Turner, #290521, | ) | C/A No.: 1:10-2433-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner John Bradley Turner is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #31, #32]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #33]. Petitioner filed a response in opposition to Respondent's motion. [Entry #36]. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Procedural Background

Petitioner was indicted by the Anderson County grand jury in July 2002 for one count of Trafficking Methamphetamine (Crank) (2002-GS-04-1907), and one count of

Manufacturing Methamphetamine (Crank)(2002-GS-04-1908); and during the September 2002 Term of the Court of General Sessions for one count of Murder (2002-GS-04-2531), one count of Possession of a Firearm During the Commission of a Violent Crime (2002-GS-04-2530). [Entry #32-2 at 179–186]. Petitioner was also charged with one count of Manufacturing Methamphetamine (Crank) (2003-GS-04-416) [Entry #32-28], and one count of Possession of Methamphetamine (Crank) (2003-GS-04-415) [*See* Entry #32-2 at 4]. Petitioner was represented by Richard W. Warder, Esq. and on February 3, 2003, pled guilty before the Honorable J.C. Nicholson, Jr. [Entry #32-2 at 3–27], who sentenced him to 30 years for murder; 25 years and a $50,000 fine for trafficking methamphetamine; 15 years and $25,000 fine for each manufacturing methamphetamine conviction; and 5 years for possession of a firearm during the commission of a violent crime conviction, all sentences concurrent. [Entry #32-2 at 26–27].

Petitioner did not file a direct appeal. Petitioner filed a pro se application for post-conviction relief (PCR) on September 4, 2003, in which he alleged involuntary guilty plea as a result of ineffective assistance of counsel. [Entry #32-2 at 30–35]. A PCR evidentiary hearing was held before the Honorable Alexander S. Macaulay on February 6, 2006, at which Petitioner and his counsel, Theo W. Mitchell, Esq., appeared. [Entry #32-2 at 41–122]. On March 23, 2006, Judge Macaulay entered an order of dismissal. [Entry #32-2 at 123–128].

On April 5, 2006, Petitioner filed a pro se 59(e) motion based upon newly-discovered evidence. [Entry #32-2 at 129]. On August 7, 2006, Judge Macaulay filed an

2

Order of Recusal, based upon his receipt of extrajudicial communication regarding the appeal pending in Petitioner's case. [Entry #32-2 at 132–133]. On December 19, 2006, Judge J. Cordell Maddox, Jr. entered an Order denying Petitioner's 59(e) motion. [Entry #32-2 at 134–136].

Petitioner timely appealed on March 27, 2006, and was represented by Theo W. Mitchell, Esq. [Entry #32-3]. Petitioner filed a petition for writ of certiorari on June 5, 2006 [Entry #32-4], as amended on November 6, 2006 [Entry #32-7]. The South Carolina Supreme Court denied the petition on October 18, 2007. [Entry #32-9]. The remittitur was issued on November 5, 2007. [Entry #32-10].

Petitioner filed a second PCR application on November 16, 2007, alleging ineffective assistance of counsel, due process violation, incorrect sentence information by the judge, and newly-discovered evidence of prosecutorial misconduct. [Entry #32-2 at 137–143]. On December 6, 2007, Judge Maddox entered a Conditional Order of Dismissal in the second PCR action because it was successive to a prior PCR application [Entry #32-2 at 14, 151–154]. On March 17, 2008, Judge Macaulay filed a Final Order that made final the Conditional Order of Dismissal. [Entry #32-2 at 175–176].

Petitioner appealed pro se the denial of his second PCR application on March 25, 2008, chiefly complaining that the Final Order denying his second PCR application was signed by Judge Macaulay, who had previously recused himself on Petitioner's 59(e) motion. [Entry #32-11]. Petitioner was subsequently represented by Wanda H. Carter, Esq., Deputy Chief Appellate Defender with the South Carolina Commission on Indigent

3

Defense, Division of Appellate Defense, who filed a petition for writ of certiorari on December 3, 2008. [Entry #32-12]. On October 7, 2009, the South Carolina Supreme Court denied the petition. [Entry #32-14]. The remittitur was issued on October 23, 2009. [Entry #32-15].

Petitioner filed a third PCR application on December 2, 2009, alleging ineffective assistance of PCR counsel, newly discovered evidence of prosecutorial misconduct, and incorrect sentence information by the judge, and 14th Amendment violations.  [Entry #32-16].  On March 3, 2010, Judge Macaulay entered a Conditional Order of Dismissal in the third PCR action because it was successive to a prior PCR application.  [Entry #32-18].  On June 18, 2010, the Honorable R Lawton McIntosh entered a Final Order of Dismissal of Petitioner's third PCR application.  [Entry #32-20].

Petitioner appeal the denial of his third PCR application on March 22, 2010. [Entry #32-21].  The South Carolina Supreme Court dismissed the petition on August 11, 2010. [Entry #32-24].  The remittitur was issued on August 30, 2010.  [Entry #32-25].

II.     Discussion

        A.     Federal Habeas Issues

Petitioner raises the following three grounds in his federal petition for a writ of habeas corpus filed on September 14, 2010:

**Ground One:**        Ineffective Assistance of Counsel

                       Supporting Facts:  Trial Counsel did not receive requested Brady and Rule 5 discovery until day of trial. Trial Counsel did not sufficiently Investigate the Facts in Support of Petitioner's Self-Defense defense.

4

**Ground Two:**       Prosecutorial Misconduct

Supporting Facts: A sworn affidavit by an eyewitness stating that the Prosecutor promised to help this witness with his pending charges if he would be a witness only for the prosecution and not to mention a big stick used by the victim that the prosecution withheld as evidence in this case and even denied having knowledge of this stick in the court.

**Ground Three:**     Involuntary Plea—incorrect length of sentence given to petitioner by Trial Judge prior to agreeing to plea.

Supporting Facts: Judge clearly stated on record that petitioner would only serve eighty-five percent of thirty years. Later petitioner found out he would have to serve thirty years day for day.

[Entry #1].

> B.     Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision

6

that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

       2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—
>
> > (A)     the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)     (i) there is an absence of available State corrective process; or
> >
> > > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

8

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).  If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[1] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application,

---

[1]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforced the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.  Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

9

regardless of whether the Supreme Court actually reached the merits of the claim. If any

avenue of state relief is still available, the petitioner must proceed through the state courts

before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716

F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

> b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[2]

is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue

failed to raise that issue at the appropriate time in state court and has no further means of

bringing that issue before the state courts. In such a situation, the person has bypassed his

state remedies and, as such, is procedurally barred from raising the issue in his federal

habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings

forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533

(1986). Bypass can occur at any level of the state proceedings if the state has procedural

rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a

second appeal that could have been raised at an earlier time. Further, if a prisoner has

failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is

barred from proceeding in state court. If the state courts have applied a procedural bar to a

---

[2]If a petitioner procedurally bypasses his state-court remedies, he is procedurally
barred from raising them in federal court.

claim because of an earlier default in the state courts, the federal court honors that bar.

As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. 527, 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98

(1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694

(1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

       D.      Analysis

          1.      AEDPA's Statute of Limitations

Respondent's first ground for dismissal of this Petition is that it was not timely filed under the one-year statute of limitations created by the AEDPA. As discussed briefly above, the AEDPA became effective on April 24, 1996, and substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (d)   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>      (A)    **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
>      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

due diligence.

> (2)    **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2254(d) (emphasis added). Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state

14

courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (*quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010);

15

*cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Under § 2244(d), the State bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2. Petitioner Did Not Timely File His Federal Petition

Petitioner pled guilty on February 3, 2003, and because he did not appeal his convictions and sentence, his convictions became final on February 13, 2003, when the time to serve a notice of appeal expired. *See* Rule 203(b)(2), SCACR. The statute of limitations began to run the next day, on February 14, 2003 until September 4, 2003, when Petitioner filed his first PCR application. Because 203 days elapsed before Petitioner filed his first PCR application, he had 162 days remaining on the AEDPA clock within which to file his federal habeas action.

The statute of limitations remained tolled during the pendency of Petitioner's first PCR action until the issuance of the remittitur on November 5, 2007. Petitioner had 162

days from November 5, 2007 (i.e., until April 15, 2008) to file his federal habeas action. However, Petitioner did not file his federal habeas action until September 14, 2010. Petitioner's second and third PCR applications did not toll the AEDPA statute of limitations because they were dismissed as successive and time barred by the respective PCR courts.  [Entry #32-18 at 3 (conditional order of dismissal of third PCR application) and Entry #32-2 at 152 (conditional order of dismissal of second PCR application)]. The law does not recognize tolling for successive petitions.  As the United States Supreme Court unequivocally stated in *Pace*, "[o]n petitioner's theory, a state prisoner could toll the statute of limitations at will simply by filing untimely state postconviction petitions. This would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." *Id.* at 544 U.S. 414.

"The 1 year limitation period of Section 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." *Duncan v. Walker*, 533 U.S. 167, 179 (2001).  While the U.S. Supreme Court and the Fourth Circuit have held that the AEDPA statute of limitations is subject to equitable tolling, both have also underscored the very limited circumstances where equitable tolling will be permitted. *Holland v. Florida*, 130 S. Ct. 2549, 2562–63 (2010), *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000), *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc). The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in execution of state and federal criminal sentences, particularly capital cases...and to further principles

17

of comity, finality and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted).

Therefore, the undersigned recommends finding Petitioner is barred from federal habeas review unless he has demonstrated that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

3.    Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

Petitioner has offered no valid explanation in his habeas petition to explain why it is untimely and why the statute of limitations should be equitably tolled.  In his response, Petitioner blames the delay on the state having taken over three years to hear his first PCR.  *See* Entry #36 at 2.  However, the statute of limitations was tolled for that period of time, until April 15, 2008.

Petitioner argues that he thought he had one year from November 3, 2009 by which to file this petition.  It appears that Petitioner is arguing that the AEDPA clock should have been tolled during the pendency of his second PCR appeal.  This argument is

unavailing.  As an initial matter, there is no dispute that Petitioner filed no appeal and waited 203 days to file his first PCR, leaving him 162 days within which to file his federal habeas petition.  Even if the court were to toll the clock for Petitioner's second PCR appeal (from November 17, 2007 filing to October 23, 2009 remittitur), because Petitioner did not file his federal habeas petition within 162 days (i.e., by March 23, 2010), it was filed too late.

a.     Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below.  Petitioner's tardiness in filing this Petition in no manner suggest that Petitioner diligently pursued his rights.  Petitioner has not presented any facts to demonstrate that he acted diligently in pursuing this remedy.  Accordingly, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

b.     Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not

19

presented facts sufficient to permit a finding of an extraordinary circumstance that could entitled Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the Petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling).  Therefore, all of Petitioner's habeas claims are barred by 28 U.S.C. § 2244(d)(1) and the undersigned recommends that Respondent's motion for summary judgment be granted.

III.    Conclusion

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the Petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

November 28, 2011                          Shiva V. Hodges
Florence, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**