IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |  |
|---|---|---|
| John Bradley Turner | ) | |
| | ) | CA No. 1:10-2433-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jon Ozmint; and Warden of Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondents. | ) ) | |

## I.

## INTRODUCTION

Petitioner John Bradley Turner (Turner), a state prisoner incarcerated at Perry Correctional Institution (PCI) and proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 20, 2010. (Dkt. No. 1). The defendant, the warden of PCI, filed a return to the petition and motion for summary judgment on May 16, 2011. (Dkt. Nos. 32, 31.) The United States magistrate judge filed a Report and Recommendation (Report) on November 28, 2011, recommending that this court grant the motion for summary judgment because Turner's habeas petition was untimely. (Dkt. No. 41.) This court accepts the Report and grants the motion for summary judgment.

## II.

## FACTS/PROCEDURAL HISTORY

Turner is currently incarcerated at PCI. His incarceration stems from his February 3, 2003 guilty plea in the Anderson County Court of General Sessions for charges of murder, trafficking methamphetamine, manufacturing methamphetamine, and possession of a firearm during the commission of a violent crime. (Dkt. No. 41 at 1–2.) Turner did not appeal, and his

convictions became final on February 13, 2003, when the time for filing an appeal expired under Rule 203, SCACR. *See Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001) (stating that a conviction becomes final ten days after adjudication of guilt in the absence of an appeal).

Turner filed his first application for post-conviction relief (PCR) on September 4, 2003, in which he alleged his guilty plea was involuntary as a result of ineffective assistance of counsel. (Dkt. No. 32-2 at 30–35.) Following a PCR hearing, the PCR court dismissed his application. (Id. at 123–128.) Following the dismissal of his PCR application, Turner filed a Rule 59(e), SCRCP motion for reconsideration, which was also denied. (*Id.* at 134–136.) Turner filed a petition for writ of certiorari in the South Carolina Supreme Court, which was also denied. The remittitur was sent by the South Carolina Supreme Court on November 5, 2007, which ended his appeal. (Dkt. No. 32-10.)

Turner filed two subsequent PCR applications, both of which were denied as successive. (Dkt. No. 32-2 at 175–176; Dkt. No. 32-20.) Petitions for writs of certiorari for both successive PCR applications were denied by the South Carolina Supreme Court. (Dkt. No. 32-15; 32-25.)

Turner then filed this petition for a writ of habeas corpus on September 14, 2010. He alleges three grounds in his petition: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) involuntary guilty plea. (Dkt. No. 1.) The respondent filed a motion for summary judgment on May 16, 2011. (Dkt. No. 31.) Subsequently, the magistrate judge entered a *Roseboro* order, *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Turner of the ramifications of the respondent's motion for summary judgment. (Dkt. No. 33.) Following a response to the motion for summary judgment, the magistrate judge filed the Report, recommending that the respondent's motion for summary judgment be granted because Turner failed to timely file his habeas petition within the one-year statute of limitations as provided for by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). (Dkt. No. 41.) Turner

timely filed objections to the Report. (Dkt. No. 43.) Turner lists three objections to the Report, each of which he contends justifies equitable tolling. First, Turner states that equitable tolling of the statute of limitations is appropriate in his case because he "has been pursuing his rights diligently" and because "the State Court[']s mistakes and delays has [sic] prevented him from being able to file on time . . . . [T]he State Court made it as confusing and complicated as they possibly could for someone as Petitioner, with little knowledge of law." Second, Turner states that his initial PCR counsel was ineffective, which led to the filing of his two subsequent PCR applications. Finally, Turner states that he learned of other constitutional violations after his first and second PCR applications. (*Id.* at 2.)

### III.

### STANDARD OF REVIEW

The magistrate judge filed the Report in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) for the District of South Carolina. The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

IV.

LAW/ANALYSIS

A. TOLLING UNDER THE AEDPA

Because Turner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), review of his claims is governed by 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). A one-year statute of limitations governing § 2254 habeas petitions is provided for in 28 U.S.C. § 2244(d):

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A)     The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

As thoroughly explained in the Report, in South Carolina, absent an appeal, a conviction becomes final upon expiration of the period allowed for a notice of appeal, which is 10 days under Rule 203(b)(2), SCACR. *Harris v. Hutchinson*, 209 F.2d 325, 327 (4th Cir. 2000); *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). However, as provided for by 28 U.S.C. § 2244(d)(2), the statute is tolled while the defendant pursues post-conviction relief. *See Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (stating that the statute of limitations is tolled "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period to seek further appellate review)").

Turner pleaded guilty on February 3, 2003 and chose not to appeal. Thus, his conviction became final on February 13, 2003. Therefore, the statute of limitations ran from February 14,

2003 until he filed his initial PCR application on September 4, 2003, a period of 203 days; which left 162 days in which to file his habeas petition. (Dkt. No. 41 at 16.) Turner's PCR application became final upon the issuance of the remitter on November 5, 2007. From that point, he had 162 days to timely file his habeas petition—April 15, 2008. Turner did not file his habeas petition until September 14, 2010, which is well after the statute of limitations expired. (*Id.* at 16 – 17.)[1] Therefore, the court holds that Turner's habeas petition is barred by the AEPDA's statute of limitations.

## B. EQUITABLE TOLLING

However, the United States Supreme Court and the Fourth Circuit has held that the AEDPA's statute of limitations is subject to equitable tolling. According to the Supreme Court, equitable tolling is available only when (1) the petitioner has pursued his rights diligently; and (2) extraordinary circumstances prevented his timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (stating equitable tolling is available "when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit"); *see also Harris*, 209 F.3d at 330 (stating that equitable tolling only applies in "those rare circumstances where—due to circumstances external to [the petitioner's] own conduct—it would be unconscionable to enforce the limitation against [the petitioner]"). As previously noted, Turner alleges that three extraordinary circumstances justifying equitable tolling: (1) the state court made the PCR process confusing for someone with limited legal knowledge; (2) PCR counsel was ineffective, leading to his two subsequent PCR applications; and (3) he learned of other constitutional violations after each of his first two PCR applications. (Dkt. No. 43 at 2.)

The court finds these objections unpersuasive. As an initial matter, Turner fails the first prong of the equitable tolling test: the court notes that Turner has presented no information to

justify his statement that he has been diligent in pursuing his rights. He offers no reason why he waited 203 days after the expiration of the time to appeal his conviction before filing his initial PCR, and he offers no legitimate reason why he waited almost three years after his initial PCR became final before filing his habeas petition.[2] As to Turner's first reason, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Secondly, the alleged failure by Turner's first PCR counsel to properly enter exhibits is not an extraordinary circumstance. *See Rouse*, 339 F.3d 238, 248–49 (stating mistake of counsel is not a ground for equitable tolling and citing other authority as to same). Lastly, Turner alleges he discovered other constitutional violations after his first two PCR applications, which led to the delay in submitting his habeas petition. However, the subsequent PCR applications were denied as successive. (*See* attachments to Dkt. No. 32.) The filing of PCR applications deemed successive by the state court does not constitue an extraordinary circumstance justifying equitable tolling.

Therefore, the court holds that Turner has failed to meet either prong of the equitable tolling test. As such, based on the foregoing, his petition for a writ of habeas corpus under 28 U.S.C. § 2254 was filed after the expiration of the one-year statute of limitation and was untimely under the AEDPA. 28 U.S.C. § 2244(d).

V.

CONCLUSION

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 41.) It is therefore **ORDERED** that the respondent's motion for summary judgment is **GRANTED**. (Dkt. No. 31.) Turner's petition for a writ of habeas corpus is **DISMISSED** with prejudice.

A certificate of appealability will not issue absent "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
January 17, 2012

---

1     The court notes that successive PCR applications do not toll the AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

2     Turner does state that he filed his habeas petition within 15 days of the remittitur being sent for his third PCR appeal. However, as stated above, successive PCR applications do not toll the statute of limitations, and Turner's ignorance as to this point of law does not remedy his tardiness.